```
                UNITED STATES DISTRICT COURT FOR
                   MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

SAEID AZAMTARRAHIAN,            )
                                )
        Plaintiff               )
                                )
v.                              )    No. 3:10-1190
                                )    Judge Nixon/Brown
MICHAEL J. ASTRUE, Commissioner )
of Social Security,             )
                                )
        Defendant               )

**RE: THE HONORABLE JOHN T. NIXON**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends this case be dismissed without prejudice for failure to prosecute and to follow court orders.

BACKGROUND

The Plaintiff proceeding *pro se* and *in forma pauperis* was allowed to file his complaint (Docket Entry 1) on December 14, 2010. The Defendant filed the administrative record and an answer on February 17, 2011 (Docket Entries 11 and 12).

On February 22, 2011, the Plaintiff was directed to file a motion for judgment on the administrative record supported by a brief within 30 days of the entry of the order (Docket Entry 13).

The Plaintiff took no action to respond to this order and on April 22, 2011, the Defendant filed a motion to show cause why the case should not be dismissed for failure to comply with the Court's order (Docket Entry 16).

On May 10, 2011, the Magistrate Judge entered an order directing the Plaintiff to show cause within 14 days of the entry of the order why the Magistrate Judge should not recommend that the case should be dismissed for failure to obey a court order and to prosecute the matter (Docket Entry 17).

As of the date of this Report and Recommendation the Plaintiff has taken no action whatever to prosecute his case or to comply with the court's directions to file a motion for judgment on the administrative record or to show cause why his case should not be dismissed.

LEGAL DISCUSSION

Dismissal of a plaintiff's case should not be undertaken lightly. The Sixth Circuit has employed a four step test to determine whether dismissal is appropriate. *Tetro v. Elliott Popham Pontiac, et al.*, 173 F.3d 988, 993 (6th Cir. 1999); *Schreiber v. Moe*, 320 F. App. 312 (6th Cir. 2008). The factors are (1) whether the plaintiff's action were willful, in bad faith, or false; (2) whether the defendant was prejudiced by the conduct of the plaintiff; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

In this case the Plaintiff was given clear directions as to what he needed to do and the time limit for filing his request for judgment on the administrative record. The Plaintiff took no action whatever to comply with the order. After the Defendant

2

filed a motion to dismiss, the Plaintiff was given an additional opportunity to show cause why this case should not be dismissed for failure to obey the Court order and to prosecute the matter (Docket Entry 17).  In this order the Plaintiff was specifically warned that failure to respond could result in dismissal of his case.

The Defendant cannot proceed in this matter until the Plaintiff briefs in more detail the claimed errors in the administrative proceedings.  The Court cannot take action to clear this case from the docket absent the Plaintiff either complying with the Court's order to file the required motion and memorandum, or having his case dismissed.

The Magistrate Judge was clearly willing to accept an explanation for the failure to file the required documents or to comply with the Court's order had the Magistrate Judge received something from the Plaintiff.  Unfortunately, the Plaintiff has provided the Magistrate Judge with nothing by way of explanation as to why he is not prosecuting his case.  While the Magistrate Judge would be more than willing to give a *pro se* plaintiff the benefit of the doubt in a situation such as this, there has to be at least some minimal explanation of why the Plaintiff is not proceeding and is ignoring the Court's orders.

RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be **DISMISSED** without prejudice for

failing to prosecute and to obey Court orders under the provisions of Federal Rules of Civil Procedure 16(f) and 41(b).[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 1st day of June, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] Although the Magistrate Judge recommends that the case be dismissed without prejudice, it may be that the statute of limitations would be a defense to a subsequent refiling.